IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LARRY M. CANTU | ) | CV. NO. 5:13-CV-919-DAE |
| TDCJ-CID No. 1750461, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM STEPHENS, | ) | |
| Director, Texas Department of | ) | |
| Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER: (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION; (2) DISMISSING § 2254 APPLICATION FOR WRIT
OF HABEAS CORPUS; (3) DENYING CERTIFICATE OF APPEALABILITY

Before the Court is an Objection to Magistrate Judge Mathy's Report
and Recommendation filed by Petitioner Larry M. Cantu.  ("Petitioner").  (Dkt.
# 23.)[1]  For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's
Report and Recommendation and thereby **DISMISSES** Petitioner's § 2254
application for writ of habeas corpus.  The Court also **DENIES** Petitioner a

_____

[1] Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition
without a hearing.

1

Certificate of Appealability.

## BACKGROUND

On October 21, 2011, Petitioner pled guilty to aggravated robbery with a deadly weapon with an enhancement for two prior felony convictions. The state trial court accepted Petitioner's guilty plea, found him guilty, and sentenced him to ten years imprisonment in TDCJ-CID to run concurrently with his sentence in cause number 2010-CR-11876.[2]

Petitioner did not appeal his conviction. On May 5, 2012, he filed a state application for writ of habeas corpus challenging his conviction and raising essentially the same issues that are presented in the instant federal application for habeas relief. The state court denied Petitioner's habeas application. On September 25, 2013, the Texas Court of Criminal Appeals upheld the state court's denial without a written order based on the findings of the lower court.

On October 7, 2013, Petitioner initiated this proceeding by filing a petition for writ of habeas corpus and memorandum in support pursuant to 28 U.S.C. § 2254. (Dkt. # 1.) That same day, Petitioner also filed a motion for leave to proceed in forma pauperis ("IFP"), a motion for appointment of counsel, and a motion for evidentiary hearing. (Dkt. ## 2–4.) Pursuant to Rule 1(e) of the Local

---

[2] Petitioner also filed a habeas application for his conviction in cause number 2010-CR-11876. This Court denied the habeas application on January 6, 2014 in Case No. 5:13-cv-880.

Rules of the Assignment of Duties to the United States Magistrate Judges in the Western District of Texas, the instant action was assigned to Magistrate Judge Pamela Mathy for a report and recommendation.  On October 10, 2013, the Magistrate Judge directed service of the petition on Respondent William Stephens ("Respondent") and granted Petitioner's motion to proceed IFP.  (Dkt. # 5.)  That same day, she denied Petitioner's motions for appointment of counsel and for evidentiary hearing.  (Text Orders dated October 10, 2013.)

On October 21, 2013, Petitioner filed motions for discovery and polygraph testing, which the Magistrate Judge denied the next day in text orders. (Dkt. ## 7–8; Text Orders dated October 22, 2013.)

On November 27, 2013, Respondent filed the state court papers pertaining to Petitioner's conviction.  On December 9, 2013, Respondent filed his Response.  (Dkt. # 12.)

On December 2, 2013, Petitioner filed an Advisory to the Court, asserting that he has been unable to locate Mr. Perkins, the private investigator who worked on the 2010 robbery case, and that Mr. Perkins's testimony would be vital to proving that Mr. Greenwood, Petitioner's counsel, defrauded the state court and to proving that Mr. Perkins never investigated the robbery case.  (Dkt. # 11 at 1–2.)

On December 19, 2013, Petitioner filed four motions to reconsider the

Magistrate Judge's rulings denying his request for hearing, discovery, appointment of counsel, and polygraph testing, which the Magistrate Judge denied on the same day.  (Dkt. ## 13–16; Text Orders dated December 19, 2013.)

On January 2, 2014, Petitioner filed another Advisory to the Court. (Dkt. # 18.)  In the Advisory, Petitioner appeared to argue that the procedures the state court provided to him were constitutionally deficient, namely: (1) the prosecutor's willingness to dismiss the instant aggravated robbery charge if Petitioner accepted a harsher sentence in another pending charge, (2) the state court's disregard of Petitioner's motion for evidentiary hearing despite the fact that he had a witness who stated that she heard a different number of shots fired than the reports of the victims and police officers' claimed, and (3) the state court's denial of Petitioner's request for DNA testing and appointment of counsel.  (Id. at 1–3.)

On January 7, 2014, the Magistrate Judge issued her Report and Recommendation, advising that this Court should dismiss Petitioner's Petition for Writ of Habeas Corpus and should deny him a Certificate of Appealability. ("R&R," Dkt. # 19.)  Petitioner timely filed his Objections to the Magistrate Judge's Report and Recommendation that are currently before the Court.  ("Obj.," Dkt. # 23.)

<u>STANDARDS OF REVIEW</u>

I.    <u>Review of a Magistrate Judge's Report and Recommendation</u>

Any party may contest the Magistrate Judge's findings by filing written objections within fourteen days of being served with a copy of the Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  <u>Thomas v. Arn</u>, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  <u>Battle v. U.S. Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987) (quoting <u>Nettles v. Wainwright</u>, 677 F.2d 404, 410 n.8 (5th Cir. 1982), <u>overruled on other grounds</u> by <u>Douglass v. United States Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996)).

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  <u>See</u> 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  On the other hand, findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Memorandum and Recommendation is clearly erroneous or contrary to law.  <u>United States v. Wilson</u>, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.     Section 2254 Habeas Petition

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides federal courts with the authority to issue habeas corpus relief for persons in state custody.  See 28 U.S.C. § 2254.  A federal court may not grant such habeas relief unless, with certain exceptions, the applicant has exhausted state remedies.  Id. § 2254(b)–(c).

If an application includes a claim that has been "adjudicated on the merits in State court proceedings," see id. § 2254(d), an additional restriction on granting habeas relief applies, see Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) (holding that when a state court has adjudicated a claim, there is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt").  Under § 2254(d), a habeas application shall not be granted unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The first prong of § 2254(d) applies to state court decisions addressing both questions of law and mixed questions of law and fact.  Williams v.

6

Taylor, 529 U.S. 362, 407–09 (2000).  The second prong applies to decisions based solely on factual determinations.  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

For purposes of the first prong, a state-court decision is "contrary to" established Supreme Court precedent if it reaches a legal conclusion opposite the Supreme Court's or concludes differently on an indistinguishable set of facts. Williams, 529 U.S. at 405–06.  Relief is available only if the state court applied clearly established federal law unreasonably, not merely if the state court did so erroneously or incorrectly.  Id. at 411; see also Cullen, 131 S. Ct. at 1402 (holding that a state prisoner can satisfy the "unreasonable application of clearly established federal law" prong of § 2254(d)(1) only by showing that there was no reasonable basis for the state court's decision).  AEDPA's first prong erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court, requiring "a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement."  Harrington v. Richter, 131 S. Ct. 770, 786–87 (2011).

For purposes of the second prong, namely whether the state-court's decision was based on an unreasonable determination of the facts, a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.  Burt v. Titlow, 134

7

S. Ct. 10, 15 (2013).  Instead, a state court's factual determinations "shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).

DISCUSSION

In his Petition for Writ of Habeas Corpus, Petitioner raised six grounds for relief:

1. Petitioner is actually innocent of aggravated robbery.

2. The DNA testing resulted in conflicted findings.

3. The State failed to ensure Petitioner received a timely initial appearance before a Magistrate.

4. Petitioner's attorney was prevented from assisting him when the attorney was denied access to crime scene media material.

5. The State withheld or failed to disclose media tapes from crime scene witnesses; and

6. The private investigator assigned to his case never investigated any witnesses or visited the crime scene.

(Dkt. # 1 at 6–8.)  Magistrate Judge Mathy recommended denying all of Petitioner's claims.  (R&R at 13–20.)  Petitioner now objects to the Magistrate Judge's findings.  (Obj. at 1–10.)  The Court will address each of Petitioner's objections as they pertain to his habeas claims.

I.    Issue One: Actual Innocence

In his Petition for Writ of Habeas Corpus, Petitioner first argued that his guilty plea and conviction should be set aside because he "is innocent of aggravated robbery." (Dkt. # 1 at 6.)  Petitioner argues that he was not stealing,

8

but was only "pick[ing] up a car motor . . . to throw away as junk."  (Id.)  He

further alleges that the hospital medical records indicating that he was "kicked,

pistol whipped, [and] shot at close range inside his truck were not reviewed by the

court."  (Id. at 6.)

       In her Report and Recommendation, the Magistrate Judge found that

Petitioner waived this claim by pleading guilty to aggravated robbery.  (R&R at

14.)  She also found that Petitioner's claim of actual innocence was inappropriate

on federal habeas review because it did not allege any constitutional error.  (Id.)

       In his Objection, Petitioner merely quotes the Magistrate Judge's

recommendation without adding any additional discussion that would refute the

recommendation.  (Obj. at 3.)[5]  Presumably, Petitioner quotes the Magistrate

Judge's recommendation to "object" to it.  While the Court discourages such a

practice because it contravenes Local Rule 4(b) for the Assignment of Duties to the

United States Magistrate Judges, which provides: "Such party shall file with the

clerk of court, and serve on the magistrate judge and all parties, written objections

---

[5] Petitioner also takes issue with the Magistrate's addition of the word "now" in her Report and Recommendation, wherein she stated "Although petitioner now claims his plea was not voluntary . . . ."  (Obj. at 1–2.)  He cites to his state court habeas petition where he had previously raised the voluntariness of his plea.  (Id. at 2.) However, Petitioner minces the Magistrate Judge's words.  Her reference to "now" did not imply that Petitioner did not properly allege such a claim during the earlier proceedings.  In fact, she specifically found that Petitioner properly exhausted his state court remedies.  (See R&R at 12–13.)  Rather, her reference was only to signal his current argument before the Court.

which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made <u>and the basis for such objections</u>," in the interest of thoroughness and because Petitioner is pro se, the Court will independently examine whether Petitioner's claim of actual innocence is properly before the Court.

By voluntarily entering a plea of guilty, a defendant waives the right to contest the factual merits of the charges. <u>United States v. Smallwood</u>, 920 F.2d 1231, 1240 (5th Cir. 1991). In other words, "[a] voluntary and unconditional guilty plea waives all non-jurisdictional defects," including claims of actual innocence. <u>United States v. Scruggs</u>, 714 F.3d 258, 261–62 (5th Cir. 2013), <u>cert. denied</u> 134 S. Ct. 336 (2013); <u>Hargrove v. Stephens</u>, CIV.A. H-13-2939, 2014 WL 346744, at *4 (S.D. Tex. Jan. 30, 2014) (citing <u>United States v. Pickens</u>, 201 F. App'x 143, 145 (4th Cir. 2006)).

Because non-jurisdictional challenges to the constitutionality of a conviction are waived, "only an attack on the voluntary and knowing nature of the plea can be sustained." <u>McMann v. Richardson</u>, 397 U.S. 759, 774 (1970); <u>see also</u> <u>James v. Cain</u>, 56 F.3d 662, 666 (5th Cir. 1995) ("A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent." (citing <u>Hobbs v. Blackburn</u>, 752 F.2d 1079, 1081 (5th Cir. 1985))); <u>see also</u> <u>United States v. Glinsey</u>, 209 F.3d 386, 392 (5th Cir. 2000)

(holding that once a criminal defendant enters a knowing, intelligent, and voluntary guilty plea, all non-jurisdictional defects in the proceedings below are waived except for claims of ineffective assistance of counsel relating to the voluntariness of the plea).

"To enter a knowing and voluntary guilty plea, the defendant must have a 'full understanding of what the plea connotes and of its consequence.'" United States v. Urrias-Marrufo, 744 F.3d 361, 366 (5th Cir. 2014) (quoting Boykin v. Alabama, 395 U.S. 238, 244 (1969)). The defendant must also "have notice of the nature of the charges" against him, he must understand the consequences of her plea, and he must understand the nature of the constitutional protections he is waiving. Id. (citing Matthew v. Johnson, 201 F.3d 353, 365 (5th Cir. 2000)). For a guilty plea to be voluntary, the plea must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." Id. (quoting Matthew, 201 F.3d at 365).

The state-court record shows that Petitioner pleaded guilty to aggravated robbery with a deadly weapon, executing waivers in which he stated he understood the charges, was aware of the consequences of his plea, was voluntarily pleading guilty, and waived his rights to have the jury decide guilt or innocence, to

11

confront and cross-examine witnesses, and not to incriminate himself orally and in writing.  There is nothing to suggest that his plea was anything but knowing, intelligent, and voluntary.  As such, his guilty plea waives his allegation that he is "actually innocent."

Moreover, a state court's determination that a plea of guilty was knowing and voluntary is a finding of fact, entitled to a presumption of correctness on federal habeas review.  See Roberts v. Dretke, 381 F.3d 491, 498 (5th Cir. 2004).  Those requesting habeas relief may rebut this presumption with clear and convincing evidence that the state court's determination was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  Petitioner has not set forth any evidence—much less clear and convincing evidence—to meet either standard.

Additionally, in the Fifth Circuit, "actual-innocence is not an independently cognizable federal-habeas claim.  Foster v. Quarterman, 466 F.3d 359, 367 (5th Cir. 2006) (citing Dowthitt v. Johnson, 230 F.3d 733, 741–42 (5th Cir. 2000)).  It cannot serve as a basis for habeas relief absent a showing of an independent constitutional violation.  Id.  This rule "is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in

12

violation of the Constitution—not to correct errors of fact." Herrera v. Collins,

506 U.S. 390, 400 (1993). As such, Petitioner cannot state a claim for actual

innocence.

II.    Issues Two, Four, and Five: Conflicting DNA Results, Lack of Access and
       Withholding Media Material

       In claims two, four and five, Petitioner argued that "DNA results of

two different samples are at issue," his defense counsel "was prevented from

assisting [him] when counsel was "prevented access to crime scene raw media

material," and the "[p]rosecutor withheld or failed to disclose media tapes from

crime scene witnesses." (Dkt. # 1 at 6–7.)

       The Magistrate Judge's Report and Recommendation explained that

> [T]hese grounds appear to be challenges to the sufficiency of the
> evidence of in support of his conviction, but when Cantu pleaded
> guilty he effectively waived his right to challenge the sufficiency of
> the evidence because he agreed the state could prove his guilt of the
> offense beyond a reasonable doubt. Further, the Texas Court of
> Criminal Appeals rejected these claims when it denied Cantu's state
> writ application without written order on the findings of the trial court.
> Cantu has not demonstrated that the state court's decision is contrary
> to or involves an unreasonable of clearly established federal law or is
> based on an unreasonable determination of the facts in light of the
> evidence presented.

(R&R at 15–16.)

       Petitioner first objects to the Magistrate Judge's recommendation

concerning issue two, arguing that the Magistrate Judge's characterization that

Petitioner "never claimed DNA was withheld from attorney" was incorrect.  (Obj. at 3 (citing R&R at 15).)  However, the Magistrate Judge never found that Petitioner made such an argument.  Rather, she stated that Petitioner "argue[d] 'DNA results of two different samples are at issue.'"  (R&R at 15.)  Therefore, Petitioner's objection is without merit.

Petitioner also objects to the Magistrate Judge's finding regarding issue four: the crime scene raw media material.  (Obj. at 4.)  He asserts that "The attorney claimed that he could not down[load] footage for my sister purchased a tape.  Media was called and witnesses were interviewed which contained exculpatory testimony that petitioner was not guilty of the underlying charge." (Id.)  However, Petitioner fails to address the Magistrate Judge's finding that this ground challenged the sufficiency of the evidence and was thus waived when Petitioner pleaded guilty.  (See R&R at 15 (citing Kelly v. Alabama, 636 F.2d 1082, 1083 (5th Cir. 1981)).)  Furthermore, as the Magistrate Judge correctly noted, the Texas Court of Criminal Appeals rejected this claim when it denied Petitioner's state writ application without written order on the findings of the trial court and Petitioner has not established that this decision is contrary to or an unreasonable application of clearly established federal law or is based on an unreasonable determination of the facts in light of the evidence presented—his burden on federal habeas review under AEDPA.  Moreover, as explained above,

14

Petitioner's guilty plea waives this challenge on habeas review. See United States v. Cothran, 302 F.3d 279, 286 (5th Cir. 2002) (holding that a guilty plea "waives claims of governmental misconduct during the investigation" (citing United States v. Owens, 996 F.2d 59, 60 (5th Cir. 1993))).

Petitioner does not object to the Magistrate Judge's finding regarding issue five: whether the prosecutor allegedly withheld or failed to disclose media tapes from crime scene witnesses. But even if he did, his objection would be without merit because of his guilty plea. See id.

III.     Issue Three: Initial Appearance

In his initial petition for a writ of habeas corpus, Petitioner asserted that he did not receive a timely initial appearance before a magistrate judge. (Dkt. # 1 at 4, 7.) He had raised the issue in his state habeas petition, but the court rejected it based, in part, on an affidavit from Cantu's attorney, wherein he testified that because Cantu had been shot, he was immediately transported to the hospital and did not receive an in-person initial appearance; his attorney told "Cantu that if he wanted he could be re-magistrated by the judge of the Court, which Cantu declined," a matter they "discussed numerous times." The court found the attorney's affidavit to be credible and truthful.

The Magistrate Judge found that Petitioner did not demonstrate that this issue is one for which federal habeas corpus relief may be granted. (R&R at

16.)  She found that Petitioner waived this right by declining to be re-magistrated.

Additionally, she also held that Petitioner failed to demonstrate that the state

habeas court's decision was contrary to or was an unreasonable application of

clearly established federal law or is based on an unreasonable determination of the

facts in light of the evidence presented.  (Id.)

Petitioner objects to the Magistrate Judge's reasoning by questioning

"how [he] can disprove the attorney's affidavit if [an] evidentiary hearing,

discovery, [and] more importantly a polygraph ha[ve] been denied twice by this

[C]ourt and once in state court?"  (Obj. at 4.)  He states that the claim was rejected

in part based on the affidavit from his attorney.  (Id.)  He avers that "the denial was

unreasonable to prove . . . innocence and the counsel did not investigate the case or

the private investigator."  (Id.)

First and foremost, as explained above, Petitioner's guilty plea waived

his initial-appearance claim because it is a non-jurisdictional challenge.  See

Scruggs, 714 F.3d at 261–62.  Because such a claim was waived, it is irrelevant

that Petitioner did not receive discovery or was not able to conduct a polygraph test

on his former counsel.

Second, Petitioner is not entitled to discovery in habeas proceedings

as a matter of right.  See Bracy v. Gramley, 520 U.S. 899, 904 (1997) ("A habeas

petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery

16

as a matter of ordinary course.").  Rather, Rule 6(a) of the Rules Governing § 2255

Cases permits discovery "for good cause."  Rule 6 of the Rules Governing 28

U.S.C. § 2255; <u>see also</u> <u>Bracy</u>, 520 U.S. at 904 (discussing Rule 6 of the Rules

Governing 28 U.S.C. § 2254).  A petitioner demonstrates "good cause" under Rule

6(a) "where specific allegations before the court show reason to believe that the

petitioner may, if the facts are fully developed, be able to demonstrate that he is . . .

entitled to relief."  <u>Bracy</u>, 520 U.S. at 908–09 (internal quotation marks omitted).

Here, because Petitioner's initial-appearance claim was waived by his guilty plea,

he cannot show good cause for discovery on that claim.

     Moreover, Petitioner misunderstands the Court's standard of review.

Even if this Court were to permit discovery and polygraph testing of Petitioner's

trial counsel and Petitioner uncovered evidence to support his theory that he did

not receive a timely initial appearance, "[t]hat a federal habeas court would reach a

different conclusion is not enough, standing alone, to merit relief under AEDPA's

high standard."  <u>Trottie v. Stephens</u>, 720 F.3d 231, 240 (5th Cir. 2013) <u>cert. denied</u>,

134 S. Ct. 1540 (2014).  The AEDPA imposes a "highly deferential standard for

evaluating state-court rulings" in federal habeas review.  <u>Lindh</u>, 521 U.S. at 334.

In fact, AEDPA provides that the state court's findings of fact "shall be presumed

to be correct," and the burden is on the petitioner to rebut "the presumption of

correctness <u>by clear and convincing evidence</u>."  28 U.S.C. § 2254(e)(1) (emphasis

added).  Because the facts on record before the state court showed that Petitioner

affirmatively waived his right to initial appearance before a Magistrate, the state

denial of habeas corpus relief in light of this evidence was not unreasonable.

IV.    Issue Six: Private Investigator

In his initial petition, Petitioner claimed that court-appointed private

investigator, Rick Perkins, never investigated any witnesses to the crime and did

not visit the crime scene.  (Dkt. # 1 at 7-3.)  Petitioner asserts that "no witnesses

from [the] crime scene, medical [personnel], or police officers were ever

investigated," arguing that

> the state court's analysis led to an unreasonable decision, which was
> [an] unreasonable application of Strickland and . . . egregiously at
> odds with the standards of due process . . . because it was an
> unreasonable determination of facts in light of the evidence presented
> in [the] state court proceeding; and in part state court failed to rule on
> vital information and or (facts) is actually an unreasonable
> determination of facts violating federal constitutional rights.

(Id.)

The Texas Court of Appeals denied his petition without written order

on the findings of the trial court, which had credited an affidavit of Petitioner's

trial counsel.  That affidavit stated that

> An investigator (Rick Perkins) was appointed to assist counsel with
> the investigation of this case and to attempt to find witnesses to the
> incident.  The investigator and I both reviewed the discovery and
> witness statements available through the prosecutor's office as well as
> media reports (KENS, WOAI and KSAT).  Perkins investigated the
> scene and attempted to locate witnesses to the offense.  The only

witness to the incident did not see the actual incident [that is, the
entire incident], except after the shooting and Cantu had run his truck
into a pole at the front of the property immediately prior to the arrival
of the police.

In the Report and Recommendation, the Magistrate Judge found that
Petitioner "has not demonstrated that the Texas Court of Criminal Appeals'
rejection of his claim is contrary to or involves an unreasonable application of
clearly established federal law or is based on an unreasonable determination of the
facts in light of the evidence."  (R&R at 17.)

Petitioner now argues that there was no evidence in the record to
substantiate the findings from the attorney's affidavit.  Petitioner argues that an
evidentiary hearing and polygraph testing should have been used to disprove the
affidavit.  Petitioner avers that the denial of an evidentiary hearing and polygraph
testing was unreasonable in light of facts presented.

Once again, Petitioner's guilty plea waives this claim because it is a
non-jurisdictional challenge.  See Scruggs, 714 F.3d at 261–62.  Moreover,
Petitioner does not show that the state habeas court's decision was an unreasonable
application of clearly established federal law or an unreasonable determination of
facts in light of the evidence, which he must do in order to merit federal habeas
relief under AEDPA.

V.    Certificate of Appealability

A Certificate of Appealability may only be issued if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner is required to show that reasonable jurists could debate whether the issues could have been resolved differently or are "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983), superseded on other grounds by 28 U.S.C. § 2253(c)(2)); see also Matamoros v. Stephens, 539 F. App'x 487, 490 (5th Cir. 2013) ("A petitioner satisfies this standard if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." (quoting Slack, 529 U.S. at 484)).

Here, Petitioner has made no such showing. Reasonable jurists could not debate whether these issues could have been resolved differently. Further, the issues raised are not "adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 483. Accordingly, the Court **DENIES** Petitioner a Certificate of Appealability.

<u>CONCLUSION</u>

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 19) thereby **DISMISSING** Petitioner's § 2254 petition for habeas corpus (Dkt. # 1). The Court also **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, August 28, 2014.

                                     _____

                                     David Alan Ezra
                                     Senior United States Distict Judge

21